THOMAS CROSWELL and another *vs.* ORRIN TUFTS.

Franklin. Opinion June 10, 1884.

*Officer. Sale on execution. Attachment. Seizure.*

An officer holding seven executions against the same debtor made seizure of debtor's real estate in season to preserve the attachments and gave due notice of sale, but failed to make the sale at the time appointed therefor; and thereupon he made a second seizure on six of the executions at the same time and after due notice sold the property. *Held,*

1. That the failure to sell at the time appointed under the first seizure dissolved the attachments made on the original writs.

2. That by the second seizure each judgment creditor acquired a lien on one-sixth of the land seized, if that part did not exceed in value the amount of his debt, and it was the duty of the officer to make the sale in a manner to secure to each his lien.

The seizure and return to the register of deeds, of the debtor's lands, on the ground that the service of the execution must be suspended by reason of the prior attachments, can be shown only by the officer's return thereof on the execution.

ON REPORT.

An action against a sheriff for the alleged malfeasance or misfeasance of a deputy in the service of an execution.

The writ was dated September 8, 1877. The plea was the general issue.

After the testimony was taken at the trial the case was withdrawn from the jury, by consent, and reported to the law court, who were to draw inferences as a jury might, and render judgment according to the legal rights of the parties.

The material facts are stated in the opinion.

*H. L. Whitcomb*, for the plaintiffs.

*S. Clifford Belcher*, for the defendant.

LIBBEY, J.   The facts necessary to the determination of the rights of the parties in this case are these:

Seven of the creditors of the Sandy River Iron Foundry and Manufacturing Company, a duly organized manufacturing corporation, brought actions against said company, and at the March term of the Supreme Judicial Court, for the county of Franklin, on the 22nd day of March, 1877, judgment was rendered in each action.   Successive attachments of real estate had been made on the writs, the plaintiffs' being the seventh and last in the order in which they were made.   Executions were duly issued on each judgment and delivered about the same time, and within thirty days from the rendition of judgment, to A. T. Tuck, a deputy sheriff under the defendant, for service.   On the 21st day of April following, within thirty days from the rendition of said judgment, said Tuck seized all the real estate of said corporation, in said county, on each of said executions, and duly advertised it for sale on the 25th of May, 1877, at ten o'clock, in the forenoon.

By reason of a mistake in the hour of sale, Tuck did not arrive till it was too late to make a sale under the notice given. And the same 25th of May, he made and returned a new seizure on each of the executions at the same time, and gave notice of sale on the 14th of June following.   The sale was duly adjourned till the 21st of June, when he sold the lands on some of the executions, but made no sale, and applied no portion of the proceeds of sale on the plaintiffs' execution, and returned it August 1, 1877, in no part satisfied.

The defendant claims that the plaintiffs on the 25th of May, before the second seizure, agreed that Tuck should make the seizures at that time and sell on the executions in the order of the original attachments.   This the plaintiffs deny, and on careful consideration of the evidence, taken in connection with the officer's returns, we are not satisfied that such an agreement was made.

Upon these facts what are the rights of the plaintiffs? When the officer failed to make sale upon the first seizure at the time appointed therefor, the attachments on the original writs were dissolved. All the executions were then in his hands. He seized all the lands of the debtor corporation on six of the executions at the same time, the other execution having been satisfied, and made return of the seizures. There is nothing in the case to relieve him from the legal consequenses of his returns. By them the plaintiffs obtained a lien on one undivided sixth part of the lands, if it did not exceed in value the amount of their debt and costs. *True* v. *Emery*, 67 Maine, 28. It was the legal duty of the officer to make sales and apply the proceeds thereof according to the legal rights of the parties under the seizure. He did not do so. For his default in that respect the defendant is liable to the plaintiffs for the loss they sustained thereby. The whole amount of the sales of the lands was one thousand one hundred eighty-one dollars and seventy-one cents. One-sixth of that sum is less than the amount due on the plaintiffs' judgment, and for that sum with interest from the 21st of June, 1877, the plaintiffs are entitled to judgment,

The plaintiffs claim to recover the whole amount of their debt upon another ground. They claim that after the seizure on their execution on the 21st of April, the further service of the execution was suspended, and the officer filed in the office of the register of deeds a copy of his return, etc., as provided in R. S., c. 84, § 24; and, that when the prior attachments were dissolved by the failure to sell on the 25th of May, it was his duty to proceed and perfect the seizure on their execution by sale of the property. The answer to this claim is that the officer made no return on the execution of such seizure, suspension of service, and return to the office of the register of deeds. Without such return on the execution by the officer, the plaintiffs' attachment was not preserved but was dissolved with the others.

If it is claimed that it was the duty of the officer to make such return and that he is liable for his neglect in that respect, the declaration is not framed to present such a case. It contains no averments of such neglect of duty; but if it did, we think it

may well be doubted if the case is one where the further service of the execution was suspended by a prior attachment, within the true construction of R. S., c. 84, § 24. The judgments were all rendered at the same time; execution was issued in each case and all of them put into the hands of the same officer for service within thirty days from rendition of judgment. We perceive no reason why service of all of them could not have been completed as provided in § 21 of the same chapter. In such case the plaintiffs would have got nothing on their execution as the proceeds of sale would have been exhausted in satisfying the prior attachments. The case however, does not require a decision of this question.

> *Judgment for the plaintiffs for*
> *$196.95 and interest from*
> *June 21, 1877.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.